S00Y1265. IN THE MATTER OF QUINTON T. HUDSON.
(537 SE2d 68)

PER CURIAM.

The State Bar filed a Notice of Discipline against Respondent Quinton T. Hudson on April 13, 2000 alleging violations of Standards 3 (a lawyer shall not engage in illegal professional conduct involving

---

moral turpitude); 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 30 (except with the written consent or written notice to his client after full disclosure a lawyer shall not accept or continue employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property or personal interests); 61 (a lawyer shall promptly notify a client of the receipt of his funds, securities or other properties and shall promptly deliver such funds, securities or other properties to the client); 63 (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and promptly render appropriate accounts to his client regarding them); 65 (A) (a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity); 65 (D) (all funds held by a lawyer for a client or in any other fiduciary capacity shall be deposited in a trust account and no funds shall be withdrawn from such trust account for the personal use of the lawyer maintaining the account except earned attorney fees); and 68 (a lawyer shall not fail to respond in accordance with disciplinary rules to disciplinary authorities) of Bar Rule 4-102 (d). After personal service of the Notice of Discipline was attempted unsuccessfully on Hudson, service was perfected by publication on May 22, 2000 in accordance with Bar Rule 4-203.1 (b) (3) (ii). Upon Hudson's failure to file a valid Notice of Rejection of the Notice of Discipline within the time set forth by Bar Rule 4-208.3 (a), Hudson was in default pursuant to Bar Rule 4-208.1 (b), had no right to an evidentiary hearing, and was subject to discipline by this Court. On June 29, 2000, the State Bar filed its Proof of Service of the Notice of Discipline for Disbarment; Motion for Issuance of Order recommending Hudson's disbarment as an appropriate sanction. We agree.

In the instant case, Hudson began handling various legal matters for a friend ("the client") in 1993. In 1997, on Hudson's advice, the client created a trust and appointed Hudson's housemate and Hudson as trustee and successor trustee, respectively, of the trust. Hudson prepared a trustee fee agreement for the client in which Hudson's housemate, as trustee, or Hudson, as successor trustee, would receive an inappropriately large amount of trustee fees. In September 1998, Hudson convinced the client to loan him $400,000, supposedly for the purchase of a house by Hudson but Hudson failed to provide the client with any documentation evidencing the loan or securing the loan with a mortgage. Later the same month, Hudson convinced the client to give him another $15,000 which Hudson first characterized as attorney fees but later characterized as a loan

although Hudson failed to provide the client with any documentation evidencing the loan. Hudson failed to repay either loan; deposited money belonging to the client in his attorney trust account; withdrew the money for his personal use; and failed to provide the client with an accounting of the funds.

After the client retained other counsel and designated a replacement trustee for the trust, the client obtained a judgment in Fulton County Superior Court in September 1999 against Hudson for $969,000, including compensatory and punitive damages and attorney fees, all related to the above actions by Hudson. Hudson has failed to satisfy the judgment.

In aggravation of discipline, the Court notes Hudson's prior disciplinary record, including an interim suspension imposed on June 28, 1999 and a six-month suspension imposed on January 3, 1991; his substantial experience in the practice of law, having been admitted to practice in 1978; and his indifference to making restitution to the client. The Court finds no evidence of mitigating circumstances.

We agree with the State Bar that disbarment is warranted as a result of Hudson's violation of Standards 3, 4, 30, 61, 63, 65, and 68 of Bar Rule 4-102 (d). Accordingly, Hudson is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.